961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
Rawleigh BANKS, Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt., Respondent-Appellee.
 No. 91-3977.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1992.
 
 Before RALPH B. GUY, JR., BOGGS and SILER, Circuit Judges.
 ORDER
 Rawleigh Banks is a former Ohio prisoner who appeals the dismissal of a habeas corpus petition that he had filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In 1986, a jury convicted Banks of passing bad checks, forgery, uttering, grand theft, and receiving stolen property. He raised ten claims in his federal petition: 1) that the trial court improperly admitted evidence of his prior convictions; 2) that the trial court improperly admitted a letter demanding payment on a bad check; 3) that a police officer was allowed to testify concerning his prior convictions and that evidence was admitted regarding convictions which were more than ten years old; 4) that there was insufficient evidence on a bad check charge; 5) that there was insufficient evidence of forgery and uttering; 6) that there was insufficient evidence of receiving stolen property; 7) that he received a greater sentence because he demanded a jury trial; 8) that the indictment was "constructively amended" by the trial court's instructions; 9) that the trial court's instructions were "conflicting, inconsistent and inapplicable;" and 10) that he was denied effective assistance of counsel. On September 18, 1991, the district court adopted a magistrate's recommendation and dismissed the petition. It is from this judgment that Banks now appeals. In addition, he has filed a motion to extend the appointment of his attorney under the Criminal Justice Act, 18 U.S.C. § 3006A.
 
 
 1
 As an initial matter, it is noted that Banks has not raised any arguments regarding several of his original claims on appeal. Issues are not reviewable if they have been abandoned on appeal, even if they were raised in the district court. Thus, Banks has waived appellate review of the second, fifth, sixth, seventh and tenth claims asserted in his petition. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 2
 A de novo review of the remaining claims indicates that the petition was properly dismissed for the reasons stated by the district court. The admission of evidence regarding Banks's prior convictions did not violate due process in light of the limiting instruction that the trial court gave to the jury. See Spencer v. Texas, 385 U.S. 554, 561 (1967). The surplus language in the court's instruction on grand theft was consistent with the statutory definition and did not violate due process. See Martin v. Foltz, 773 F.2d 711, 718 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Nor were the court's instructions so ambiguous on the whole as to deprive Banks of a fair trial. Finally, the victim's testimony and the absence of funds in Banks's account provided sufficient evidence to support his conviction for passing bad checks. See Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985).
 
 
 3
 Accordingly, the motion for appointment of counsel is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.